Clarence F. Grabb, Rochester, N. Y., for plaintiff, John J. Mahoney, Rochester, N. Y., of counsel.

John O. Henderson, U. S. Atty., Buffalo, N. Y., for defendant, Michael J. McMorrow, Asst. U. S. Atty., Buffalo, N. Y., of counsel.

**SENECA BATTERY CORP.**

v.

**UNITED STATES.**

Civ. No. 5152.

United States District Court,
W. D. New York.

Aug. 6, 1953.

BURKE, District Judge.

This case involves the interpretation of a contract to furnish dry, charged automotive batteries. The plaintiff was required to pack the batteries in accordance with the requirements of Joint Army-Navy specifications for packaging and packing batteries for overseas shipment. This the plaintiff claims was beyond the contract requirements and a breach thereof, which involved additional expense amounting to damages for which this suit is brought under the Tucker Act, 28 U.S.C.A. § 1346(a)(2).

The contract provision requiring interpretation occurs in Schedule A, page 2, attached to and forming part of the contract. It reads as follows:

"Packaging, Packing and Marking —All material shall be packaged, packed and marked for domestic

storage in accordance with U. S. Army Specifications AXS-1222, Rev. 2, dated 12 October 1948, Ordnance Department Instructions ODTI 300-2-49, Appendix X-I, and Change No. 1 dated 16 May 1949, and the prices quoted include all charges for such work, whether performed directly by bidder or subcontractor."

There are two basic specifications therein set forth, viz. AXS-1222 (which will be referred to as AXS) and ODTI 300-2-49 with its stated modifications (which will be referred to as ODTI). To ascertain the meaning of the quoted Paragraph 2 of Schedule A of the contract, AXS and ODTI must be construed together, giving effect to both specifications and reconciling any seeming inconsistencies, if that is possible. The pertinent provision of AXS occurs under the heading "Ordnance Department Packaging Instructions." There, on page two, occurs a reference to specifications designated "PS-No. 503-1, Supplement A, cleaning, preserving, wrapping and packaging of tank and automotive spare parts for domestic shipment and storage." This specification on the date of invitation for bidders was no longer in effect, having been superseded by ODTI on February 25, 1949, as expressly appears on the second page of ODTI. ODTI was therefore applicable instead of PS-No. 503-1, Supplement A, because of the provision of AXS, Paragraph A1, which reads, "the following specifications and packaging instructions *of the issue in effect on date of invitation for bids* form a part of this specification". (Emphasis mine). Thus ODTI became applicable under the provisions of AXS. It was also applicable because expressly referred to in Paragraph 2 of Schedule A of the contract. ODTI contained a topical index and on page twelve thereof is the reference "Battery, Dry-Charged, Oversea), Page 45; Domestic, Page No. 70." On page 70 under the heading "Additional Instructions" is the following, "Use JAN-P-208 Packing Instructions." JAN-P-208 was Joint Army-Navy specification for packaging and packing for overseas shipments of storage, automotive and navy portable batteries exceeding 15 lbs. weight, dated May 15, 1945. On the date of invitation for bids JAN-P-208 was no longer in effect, having been superseded by JAN-P-208A on July 31, 1946, as expressly appears on the first page of JAN-P-208A. JAN-P-208A was Joint Army-Navy Specification for packaging and packing for overseas shipment storage, automotive and navy portable batteries. Under paragraph A1 of AXS (heretofore quoted) JAN-P-208A became effective, instead of JAN-P-208, because it was the specification and packaging instruction "of the issue in effect on date of invitation for bids."

The plaintiff stresses that both JAN-P-208 and JAN-P-208A are specifications governing packaging for overseas shipments, while the contract called for domestic storage. This is of no persuasive force in interpreting the contract because, regardless of the language used in paragraph 2, Schedule A of the contract referring to "domestic storage", the specific requirements of AXS and ODTI were made applicable as packing and packaging instructions. The plaintiff also calls attention to the fact that overseas requirements for packing and packaging (occurring on page 45 ` of ODTI) calls for packing under the requirements of JAN-P-208A, while the same issue on ODTI on page 70 for domestic requirements indicates that JAN-P-208 are applicable. I can find no explanation for this discrepancy except carelessness in the preparation of ODTI. But I think it is immaterial because of the provision of AXS, A1, making the specification for packaging instructions of the issue in effect on the date of invitation for bids a part of the contract.

Plaintiff's contention is this: ODTI is not applicable even though expressly set forth as a requirement in Schedule A, Paragraph 2 of the contract, because JAN-P-208 referred to on page 70 of ODTI for domestic requirements was no longer in existence on the date of invita-

tion for bids, and because it was a specification for packaging for overseas shipments. This contention ignores the provision of AXS-A1 making the packaging instructions of the issue in effect on the date of invitation for bids applicable. Plaintiff further contends that PS-No. 503-1, Supplement A for domestic shipment and storage is not applicable, but ignores again by this contention that Paragraph A1 of AXS would make ODTI applicable, as superseding PS-No. 503-1, Supplement A, and as such the issue in effect on the date of the invitation for bids. The plaintiff by thus ignoring the applicability of ODTI, would substitute as the complete and controlling specification LLL-B-636b dated October 26, 1945, with its amendment dated January 14, 1948, Federal Specification For Boxes; Fibre, Solid (for domestic shipment). This specification as expressly appears on page one thereof superseded Federal Specification LLL-B-636a, April 28, 1936 and Emergency Alternate E-LLL-B-636 a, February 11, 1942. The only possible explanation of plaintiff's contention that LLL-B-636-b is controlling is that it superceded LLL-B-636, Boxes, Fibre, Solid (for domestic shipment) referred to in Paragraph A1C of AXS. Plaintiff thus recognizes for its own purpose the effect of Paragraph A1 of AXS making the packaging instructions of the issue in effect on the date of invitation for bids part of the contract, which it ignored for the purpose of excluding ODTI as controlling. Furthermore there is no indication whatsoever in LLL-B-636b that its specifications would apply to automotive batteries. More than that, LLL-B-636b purports to refer to solid fibre boxes for domestic shipment, while the contract refers in Schedule A, Paragraph 2, to domestic storage. Plaintiff treats the terms "domestic shipment" and "domestic storage" as synonymous, although AXS, which plaintiff says is controlling, does not. For instance, under AXS-A1C there occurs, "LLL-B-636, boxes; fibre, solid (for domestic shipment), while under AXS A1d there occurs, "PS-No. 503-1, Supplement A, cleaning preserving, wrapping and packaging of tank and automotive spare parts for domestic shipment and storage." AXS-B1 also refers to domestic shipment and storage and so does AXS-H1. There is no reason to treat the terms as synonymous, since AXS does not treat them as such.

The requirements of JAN-P-208A, with which the plaintiff was required to comply, were in accordance with the contract. The complaint should be dismissed.