SENECA BATTERY CORPORATION,
Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 234, Docket 23026.

United States Court of Appeals
Second Circuit.

Argued May 5 and 6, 1954.

Decided May 13, 1954.

John J. Mahoney, Rochester, N. Y. (Clarence F. Grabb, Rochester, N. Y., on the brief), for plaintiff-appellant.

Alexander C. Cordes, Asst. U. S. Atty. for Western District of New York (John O. Henderson, U. S. Atty. for Western District of New York, Buffalo, N. Y., on the brief), for defendant-appellee.

Before CLARK, FRANK and MEDINA, Circuit Judges.

PER CURIAM.

Affirmed on the opinion of District Judge Burke below. 121 F.Supp. 337.

Morris SHANIS and Beckie Shanis,
Petitioners,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent.

Nos. 11286, 11287.

United States Court of Appeals
Third Circuit.

Argued May 18, 1954.

Decided June 1, 1954.

Leonard Sarner, Philadelphia, Pa. (Wolkin, Sarner & Cooper, Philadelphia, Pa., on the brief), for petitioners.

Karl Schmeidler, Washington, D. C. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Lee A. Jackson, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before McLAUGHLIN, STALEY and HASTIE, Circuit Judges.

PER CURIAM.

The first question presented is whether petitioners' partnership on the settlement of sell and buy contracts of "when issued" securities realized a net short-term capital gain as found by the Tax Court or a long-term capital gain and a short-term capital loss as urged by petitioners.

We find ample factual basis in the record for the Tax Court's conclusion that what took place on the settlement date was a sale and exchange not of the contract rights but of the securities involved which resulted in a short-term capital transaction.

The second question concerns the recomputations of taxpayers' deficiencies. We think that these were properly calculated under Rule 50 of the rules of that court. They were the direct consequence of the Tax Court's findings and opinion and made necessary by the differences between those findings and opinion and the earlier determination by the Commissioner. They did not constitute new issues.

The decisions of the Tax Court, 19 T. C. 641, will be affirmed.